IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01250-ZLW

KENNETH L. YORK,
Applicant,

v.

JUANITA A. McCULLEY,
Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Kenneth L. York has filed *pro se* on August 17, 2005, a "Motion/Petition for Reconsideration and Enlargement of Time." Mr. York asks the Court to reconsider the Court's Order and Judgment of Dismissal filed in this action on August 11, 2005. The Court must construe the motion liberally because Mr. York is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. York filed the motion to reconsider within ten days after the Order and Judgment of Dismissal was entered. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because Mr. York failed to assert clearly what his claims are or what relief he is seeking. Mr. York does not challenge this finding in the motion to reconsider. Instead, he apparently seeks an extension of time to allow him to attempt again to assert his claims clearly.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. York fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. York does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion will be denied.

The Court also will not grant an extension of time to allow Mr. York to attempt to clarify his claims. Instead, Mr. York is reminded that the instant action was dismissed without prejudice. Therefore, if he wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the "Motion/Petition for Reconsideration and Enlargement of Time" filed on August 17, 2005, is denied.

DATED at Denver, Colorado, this **26** day of **Aug.**, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01250-OES

Kenneth L. York
Reg. No. 09396-084
USP – Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __8/29/05__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk